In the

# United States Court of Appeals

## For the Seventh Circuit

No. 12-3695

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

MARIA CHYCHULA,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:10-cr-01047-1 — **Sharon Johnson Coleman**, *Judge.*

ARGUED DECEMBER 5, 2013 — DECIDED JULY 2, 2014

Before WOOD, *Chief Judge,* and SYKES and TINDER, *Circuit Judges*.

TINDER, *Circuit Judge*. Maria Chychula was convicted of nine counts of wire fraud, and the district court sentenced her to 48 months' imprisonment. Chychula appeals, arguing that the district court erred in applying a two-level enhancement to her offense level for obstruction of justice because it failed to make the necessary findings. We affirm.

## I.      Background

A grand jury charged Chychula with nine counts of participating in a scheme to defraud by means of interstate wire communications in violation of 18 U.S.C. § 1343. The indictment charged that Chychula and her codefendants engaged in a broad investment scheme, pursuant to which they defrauded more than 60 investors and obtained almost $4.5 million. The scheme lasted several years and took on various forms, including investment in the Gnxpert Companies—companies that Chychula and her co-schemers incorporated. In furtherance of the scheme, Chychula sent false information to investors by electronic mail and facsimile, and caused wire transfers of funds from investors' bank accounts to Cinema Investment Fund. Following review of a psychological report regarding Chychula's competency and the parties' arguments, the district court found Chychula fit to stand trial.

At the bench trial the government proved a scheme to defraud in which Chychula and her co-schemers, among other things, overstated profits, misled investors about existing contracts and Gnxpert products on the market, and converted investment money for the defendants' own use. The scheme was proved through witness testimony and hundreds of exhibits, including Chychula's grand jury testimony, emails between Chychula and others, and bank records. At the conclusion of trial, the district court found Chychula guilty of all nine counts of wire fraud. Chychula moved for judgment of acquittal and a new trial; both motions were denied.

A presentence investigation report (PSR) was prepared and provided to the district court and the parties. In calculat-

ing Chychula's offense level, the PSR included a two-level enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1, based on Chychula's testimony to the grand jury. In support of the enhancement, the PSR stated:

The defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice when she testified falsely before the grand jury. She made several false statements including:

- She [Chychula] did not communicate to investors that they [Gnxpert companies] were a billion dollar company, when, in fact, she had told Helmet Mueller on January 31, 2008, that the Gnxpert companies were worth one billion dollars.

- The defendants spent nothing on themselves personally, save for food and basic survival items. In fact, the defendant withdrew almost $500,000 in cash, and diverted an additional $100,000 to family members. Furthermore, the codefendants withdrew one million dollars in cash.

- The Motion Picture Association of America (MPAA) agreed to license the antipiracy technology. In fact, the MPAA denies entering into such an agreement, and stated it would not have been the entity to license such.

- An attorney for 3M said the company would pay for Gnxpert to move to 3M's corporate headquarters, and pay $50 million for Gnscope. 3M denies making these statements.

Chychula had no prior convictions so she was in the least severe criminal history category of I. With an offense level of 35 and a criminal history category of I, the PSR stated that the advisory guideline range was 168-210 months.

Chychula filed a sentencing memorandum making various objections to the PSR. Relevant to this appeal, she objected to the enhancement for obstruction of justice on the ground that the evidence was insufficient to prove her intent to obstruct justice, and she argued that any obstructive conduct could be explained by her diminished capacity. The government argued that the obstruction enhancement was appropriate because Chychula committed perjury in the grand jury. The government responded that she had knowingly made a number of false statements regarding her offense of conviction as § 3C1.1 requires, citing to the same examples listed in the PSR. In addition to these examples, at the sentencing hearing, the government referenced the statements that Chychula had made to the grand jury in an apparent attempt to explain false statements she and her fellow schemers had made to investors about business prospects with Century Fence Company and Douglas Marine Corporation. The government sought a sentence within the guideline range projected in the PSR.

The district court agreed that the obstruction enhancement was appropriate. After rejecting another recommended enhancement, the court calculated the advisory guideline range as 135 to 168 months. The court ultimately imposed a below-guidelines sentence of 48 months and Chychula appealed.

## II.      Discussion

The single issue in this appeal is whether the two-level sentencing enhancement for obstruction of justice was properly based on statements Chychula made to the grand jury. The sentencing guidelines authorize such an enhancement if the defendant "willfully obstructed or impeded, or attempted to obstruct or impede" the investigation or prosecution of the offense of conviction and "the obstructive conduct related to … the … offense of conviction … ." U.S.S.G. § 3C1.1. "A finding that the defendant committed perjury supports this enhancement." *United States v. Riney*, 742 F.3d 785, 790 (7th Cir. 2014) (citing *United States v. Dunnigan*, 507 U.S. 87, 94 (1993) and U.S.S.G. § 3C1.1, cmt. n.4(B)). "A defendant commits perjury if, while testifying under oath, [s]he gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." *Id.* (quoting *United States v. Johnson,* 680 F.3d 966, 981 (7th Cir. 2012) (internal quotation marks omitted).

When applying the obstruction enhancement based on perjury, "'the district court should make a finding as to all the factual predicates necessary for a finding of perjury: false testimony, materiality, and willful intent.'" *Id.* (quoting *United States v. Johnson*, 612 F.3d 889, 893 (7th Cir. 2010)). "Separate findings on each element of perjury, though preferable, are not necessary if the court makes a finding that 'encompasses all of the factual predicates for a finding of perjury.'" *Id.* (quoting *Dunnigan,* 507 U.S. at 95). We review *de novo* the adequacy of the district court's findings and review the underlying factual findings for clear error. *United States v.*

*Cheek*, 740 F.3d 440, 453 (7th Cir.), *cert. denied*, 134 S. Ct. 2152 (2014).

In some cases, we have held that the district judge's error in failing to make explicit findings as to each element of perjury to support the enhancement was harmless. *See, e.g.*, *Johnson*, 680 F.3d at 982 (concluding that court's finding "that the defendant lied to the judge … about matters crucial to the question of the defendant's guilt" can be sufficient to support perjury finding); *United States v. Savage*, 505 F.3d 754, 763–64 (7th Cir. 2007) (holding that court's error in failing to make specific findings as to each element of perjury in imposing obstruction-of-justice enhancement was harmless where judge stated that the defendant "did not testify truthfully" and specifically found that he "has obstructed or attempted to obstruct justice in this case," which arguably encompassed the willful intent element, and where it was clear that the defendant willfully lied about material matters); *United States v. Sheikh*, 367 F.3d 683, 687 (7th Cir. 2004) (holding that court's finding that each defendant lied about a matter crucial to his guilt was sufficient to support enhancement); *United States v. Saunders*, 359 F.3d 874, 879 (7th Cir. 2004) (concluding that court's error in making findings that were "too skimpy" was harmless where the defendant was charged with being a felon in possession of a firearm, took the stand in his defense, and denied possessing a gun, and the court found that the defendant told "a lie which no one would believe"). *But see United States v. Parker*, 716 F.3d 999, 1011–13 (7th Cir.) (vacating sentence and remanding because the context of the sentencing left us "unsure as to whether the court found that [defendant's] denial of involvement in the scheme was willful"), *cert. denied*, 134 S. Ct. 532 (2013); *United States v. Johnson*, 612 F.3d 889, 894–95 (7th Cir. 2010)

(vacating sentence and remanding where it could not be determined that the court found that the defendant "made a particular material false statement with willful intent, sufficient to enhance [his] sentence for obstructing justice"). In other cases, we have concluded that the failure to make a sufficient finding as to an element of perjury was harmless because the error had no effect on the sentence imposed. *See, e.g.*, *Riney*, 742 F.3d at 791 (holding that the district court's failure to make a willfulness finding was harmless "because the armed career criminal guideline trumped the effect of the obstruction enhancement" and the defendant was sentenced below the guideline range).

Like the district court in *Savage*, 505 F.3d at 763, the district judge in this case did not specifically identify which of Chychula's grand jury statements were perjurious. Yet the government's sentencing memorandum argued that Chychula "made a number of knowingly false statements regarding her 'offense of conviction,'" identifying the same statements that the PSR identified as supporting the enhancement:

- Defendant testified that she and her co-schemers did not communicate to investors that they [the Gnxpert companies] were a billion dollar company.

- Defendant testified that she and her co-schemers spent nothing on themselves personally other than food or basic survival items.

- Defendant testified that the [MPAA] agreed to license the anti-piracy technology.

- Defendant testified that an attorney for 3M said the company would even pay for Gnxpert to move to 3M's corporate headquarters.

- An attorney for 3M said the company would pay $50 million for Gnxscope.

And at sentencing, the government mentioned these same examples and gave two others, referencing Chychula's grand jury testimony about business prospects with Douglas Marine Corporation and Century Fence Company. (Chychula's attorney referred to the same testimony; he argued that "Chychula simply could not separate the certainty of accomplishment from her desires"—an argument that did not persuade the district court.) The government maintained that "[w]hat [Chychula] was trying to do was defend the lies she had told … in her e-mails"; immediately thereafter, the district judge said, "All right. I think I have enough examples." Similar to *Savage*, the context of the district judge's statement strongly suggests that she considered all of Chychula's grand jury statements, whether identified in the PSR or relied on by the government at sentencing, to constitute perjury and thus justify the obstruction-of-justice enhancement. *See Savage*, 505 F.3d at 763–64 (concluding that context of colloquy among defendant's counsel, the government, and the district court "strongly suggests" that the court considered both sets of statements as perjury in applying the obstruction of justice enhancement).

We have said that "[a] finding that the defendant 'lied' about a material matter can be sufficient in some cases" to support a perjury finding for the obstruction-of-justice enhancement. *Riney*, 742 F.3d at 791; *see also Sheikh*, 367 F.3d at 687 ("It is enough for the district court to determine that 'the

defendant lied … about matters crucial to the question of the defendant's guilt.'" (quoting *United States v. Holman*, 314 F.3d 837, 846 (7th Cir. 2002)). The judge's assertion that she had "enough examples" right after the prosecutor stated that Chychula was attempting to defend the lies she told in emails strongly suggests that the judge adopted the prosecutor's view and implicitly found that Chychula's grand jury statements themselves were lies. As we have noted, "like perjury, lying involves *willfully* making a false statement." *Riney*, 742 F.3d at 791. Thus the judge implicitly made the findings *Dunnigan* requires.

And if there is any lingering doubt about this, before making the guidelines calculations, the district judge said that she had the parties' written arguments and heard their oral arguments. Then the judge said: "[T]he Court is going to uphold the obstruction of justice two-point enhancement" and "the Court will adopt the presentence investigation [report] with the change that the Court has set forth of offense level 33 and a criminal history category of 1." Thus, as pertaining to the obstruction-of-justice enhancement, the district judge adopted the PSR in its entirety. The judge's explicit adoption of the PSR, which clearly identified several *false* statements Chychula made when testifying before the grand jury and stated that Chychula *willfully* obstructed or attempted to obstruct the administration of justice in so testifying, confirms that the judge found those grand jury statements perjurious.

There is no question that Chychula's false statements to the grand jury were material, a perjury element that she only weakly contested. For purposes of the enhancement, "a matter is 'material' if it concerns information 'that, if believed,

would tend to influence or affect the issue under determination.'" *Id.* at 790 (quoting U.S.S.G. § 3C1.1, cmt. n.6). Chychula suggests that her statements were not material because they did not affect the issue under determination in the grand jury proceedings; after all, she argues, the government obtained a nine-count indictment against her and others. "[I]t is true that an attempt at obstruction of justice that has no consequence … is not a permissible basis for an obstruction of justice enhancement." *United States v. Wells*, 154 F.3d 412, 414 (7th Cir. 1998). However, a statement need only "*tend* to influence or affect the issue under determination" to be material, U.S.S.G. § 3C1.1, cmt. n.6 (emphasis added); the statement need not actually have any influence or effect. Chychula's statements to the grand jury satisfy this standard—they concern her representations to investors about the state of the Gnxpert companies and soundness of the alleged investments at the heart of the scheme to defraud. The grand jury obviously did not believe her statements and charged her notwithstanding her denials. Had the grand jury believed her in whole or in part, it might not have indicted her, or perhaps would not have charged her with as many counts.

Along similar lines, Chychula maintains that her conduct did not make it more difficult for her to be apprehended, convicted or sentenced. But the enhancement is applicable not only when a defendant actually obstructed or impeded the administration of justice, but also when a defendant *attempted to* do so. *See* U.S.S.G. § 3C1.1. The fact that Chychula's attempts to deceive the grand jury ultimately failed is of no moment.

But even if the district judge erred in not making separate findings on each element of perjury, the error was harmless. An error in failing to make separate findings for each element of perjury is harmless where the record is clear that the defendant willfully lied about material matters while testifying. *See, e.g., Savage*, 505 F.3d at 764; *Saunders*, 359 F.3d at 878–79; *see also Johnson*, 612 F.3d at 894 (recognizing that the failure to make specific, separate findings as to the elements of perjury can be harmless error where the record allowed the appellate court to determine that the sentencing judge found "the defendant lied about a material issue"). Chychula's false grand jury statements were directly contradicted by the government's evidence at trial. For example, the government introduced an audio recording and transcript of a January 31, 2008 conversation Chychula had with investor Helmut Mueller, in which she represented that Gnxpert was a "billion dollar company." Another example comes from the testimony of Frank Both of Century Fence; he testified that the Gnnxpert product "didn't perform like we wanted it to," and that Century Fence decided the product did not work and communicated this to Chychula "several times." The record is clear that Chychula willfully lied about material matters while testifying before the grand jury.

Moreover, the only real dispute at sentencing, much the same as the principal defense at trial, was whether Chychula's mental state affected her intent; Chychula did not contest whether her grand jury statements were false and only weakly contested whether they were material. *See, e.g.*, Def.'s Objections to the Presentence Investigation Report & Sentencing Mem. 9 ("There is no evidence that Ms. Chychula intended to obstruct justice. Any discrepancy between her Grand Jury testimony and any writings can be attributed to

her Diminished Capacity. No upward adjustment should be given pursuant to § 3C1.1."). The district judge clearly resolved the mental status issue against the defendant at trial. In finding her guilty, the judge determined that Chychula "was sufficiently knowledgeable to understand that her reports to investors of signed contracts and imminent cash flow were false," 6/21/12 Tr. 2; 6/21/2012 Docket Entry 1, and that the expert testimony "did not indicate that she was unable to distinguish truth from fiction or right from wrong," 6/21/12 Tr. 3; 6/21/2012 Docket Entry 1. Thus the district judge was "unpersuaded that defendant was unable to form the mental state necessary to be culpable of the charges against her, and instead [found] that the evidence establishes beyond a reasonable doubt that she possessed the requisite mental state." 6/21/12 Tr. 3; 6/21/2012 Docket Entry 1–2.

The judge who rejected the mental state defense for purposes of conviction is the same judge who decided that the obstruction-of-justice enhancement was proper based on perjury. Because Chychula did not contest the falsity of the statements cited in support of the enhancement, perhaps the judge can be forgiven for failing to explicitly identify the specific false statements that justified the enhancement. And the sentencing judge was the same judge who found the claims of signed contracts, business prospects and successes, and cash flow to be false. This distinguishes cases such as *Johnson* in which the *jury's* disbelief of the defendant's testimony was insufficient to support the obstruction enhancement. *See* 612 F.3d at 894–95 ("[A]n obstruction enhancement is not warranted merely because the jury did not believe the defendant's testimony; the enhancement should only be applied if the *court* determines that the defendant committed perjury."). Here, the district judge disbelieved Chychula's

grand jury testimony, and her testimony was false and willful.

That said, the judge failed to make explicit findings as to all the factual predicates necessary for a finding of perjury, which is the preferred practice. *See, e.g.*, *Dunnigan*, 507 U.S. at 95 ("[I]f a defendant objects to a sentence enhancement resulting from her … testimony, a district court must review the evidence and make independent findings necessary to establish a willful impediment to or obstruction of justice, or an attempt to do the same, under the perjury definition."). District judges should continue to follow *Dunnigan* and our other case law which require particular findings for the obstruction enhancement based on perjury.

But the error was harmless given the context of this case: Chychula was convicted following a court trial; the defendant's only real dispute was whether her alleged diminished mental capacity prevented her from forming the intent to obstruct justice; and the district court previously rejected Chychula's claim that her personality disorder rendered her "unable to distinguish truth from fiction or right from wrong," and "unable to form the [requisite] mental state". And as we have noted, the record is clear that Chychula willfully lied about material matters while testifying before the grand jury. Moreover, the district judge imposed a sentence so far below the advisory guidelines range—almost 100 months below the bottom of that range—that there is no suggestion that the obstruction enhancement had an effect on the ultimate sentence imposed. *See, e.g.*, *Riney*, 742 F.3d at 791 (concluding that the judge's failure to make a willfulness finding was harmless "because the armed career criminal guideline trumped the effect of the obstruction enhance-

ment" and the district judge sentenced the defendant below the advisory guideline range); *United States v. Hill*, 645 F.3d 900, 906 (7th Cir. 2011) ("Harmless error review 'removes the pointless step of returning to the district court when we are convinced that the sentence the judge imposes will be identical to the one we remanded.'") (quoting *United States v. Abbas*, 560 F.3d 660, 667 (7th Cir. 2009)). We have no doubt that if we remanded for more explicit findings, the judge would impose the same sentence again.

We accordingly AFFIRM.